UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

HORACE OUTLAW,

                PLAINTIFF,

-AGAINST-

NEW YORK CITY and POLICE OFFICER BRIAN
FEELEY, individually, and in his capacity as a member of
the New York City Police Department

                DEFENDANTS.

**COMPLAINT**

**19-CV-6056**

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil action in which Plaintiff, Mr. Horace Outlaw ("Mr. Outlaw"), seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about April 3, 2019, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mr. Outlaw to, *inter alia*, false arrest, denial of right to a fair trial, and malicious prosecution.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against Defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff, Mr. Outlaw, is a citizen of the United States and at all times here relevant resided at 1453 Prospect Place, Brooklyn, NY 11213.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Brian Feeley ("PO Feeley") at all times here relevant was a member of the NYPD, and is sued in his individual and professional capacity.

9. At all times mentioned, Defendants were acting under color of state law, under color of the statues, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Outlaw is 64 years old and works as a superintendent for two buildings in Manhattan.

11. On or about April 3, 2019, at approximately 8:00 pm, Mr. Outlaw was walking home having visited a friend in his neighborhood.

12. As Mr. Outlaw walked past 1458 Prospect Place, he said hello to a number of men standing on the sidewalk.

13. Mr. Outlaw was across the street from his home.

14. At that moment, several police officers arrived on the scene, including PO Feeley.

15. The officers told all of the men, including Mr. Outlaw, to stand against the wall.

16. Mr. Outlaw informed the officers that he lived across the street and was just walking home.

17. The officers ignored Mr. Outlaw and told him to be quiet.

18. Mr. Outlaw remained standing against the wall for several minutes.

19. The officers then handcuffed Mr. Outlaw behind his back.

20. Mr. Outlaw was put into a police car.

21. Mr. Outlaw was taken to the 77th Precinct.

22. At the precinct, Mr. Outlaw was processed and held in a cell.

23. Mr. Outlaw requested to make a phone call, but his request was denied.

24. Mr. Outlaw was held in the cell until approximately 2:00 am, at which time he was released.

25. Mr. Outlaw was given a summons for the offence of 'open container of alcohol.'

26. The summons was signed by PO Feeley.

27. In the summons, PO Feeley falsely stated that "Deft was drinking a plastic cup of Hennessey in public," and that Defendant stated in PO Feeley's presence, "want me to throw it out?"

28. Mr. Outlaw has not drunk alcohol since he was eighteen years old.

29. Mr. Outlaw offered to take a breathalyzer test, but the officers declined.

30. Mr. Outlaw went home from the precinct.

31. Mr. Outlaw was extremely upset, having been arrested in front of his neighbors and his family.

32. On June 14, 2019, Mr. Outlaw had to attend court, at which time the summons was dismissed without Mr. Outlaw even seeing a judge.

33. Mr. Outlaw suffered emotionally, and continues to suffer emotionally, from the events of April 4, 2019, including fear, embarrassment, humiliation, emotional distress, frustration, anxiety, and loss of liberty.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

34. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

35. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

36. Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiff was falsely arrested by Defendants.

37. Defendants confined Plaintiff.

38. Plaintiff was aware of, and did not consent to, his confinement.

39. The confinement was not privileged.

40. Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court

## SECOND CAUSE OF ACTION

(42 USC 1983 –Denial of Right to a Fair Trial)

41. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

42. Defendant have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

43. Defendants have deprived Plaintiff of his right to a fair trial, pursuant to the Fourteenth and Sixth Amendments to the United States Constitution.

44. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in Plaintiff suffering a deprivation of liberty and a violation of his rights.

45. Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION

(42 USC 1983 – Malicious Prosecution)

46. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

47. Defendants have deprived Plaintiff of his civil, constitutional, and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

48. Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiff was maliciously prosecuted by Defendants.

49. The malicious prosecution was initiated by Defendants without legal justification and without probable cause, in that Defendants caused the commencement and continuation of criminal proceedings against Plaintiff, the proceedings terminated in favor of Plaintiff, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to Plaintiff's rights.

50. Plaintiff has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

51. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that the Court enter a Judgment against Defendants together with costs and disbursements as follows:

> In favor of Plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of Plaintiff's causes of action; Awarding Plaintiff punitive damages in an amount to be determined by a jury; Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action; And such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          October 28, 2019

By:        /s/
Malcolm Anderson (MA 4852)
PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075